UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GILBANE BUILDING COMPANY,**

    Plaintiff,

v.                                                                                                    Case No.: 8:23-cv-794

**CHURCH OF SCIENTOLOGY RELIGIOUS TRUST; and MARY SALINAS HUBER, GLEN STILO, and UKNOWN OTHERS, AS TRUSTEES OF THE CHURCH OF SCIENTOLOGY RELIGIOUS TRUST,**

    Defendants.
_____/

## COMPLAINT

    Plaintiff, Gilbane Building Company ("Gilbane"), hereby files this Complaint against Defendant, Church of Scientology Religious Trust ("Trust"), Defendant, Mary Salinas, in her capacity as Trustee of the Trust, Defendant, Glen Stilo, in his capacity as Trustee of the Trust, and Unknown Trustees, in their capacities as Trustees of the Trust (Ms. Salinas, Mr. Stilo, and the Unknown Trustees are collectively referred to as the "Trustees"), and states:

### PARTIES, JURISDICTION, AND VENUE

    1.    Gilbane is a corporation organized under the laws of the State of Rhode Island with its principal place of business located in the State of Rhode Island, and is authorized to do business in the State of Florida. Gilbane is a citizen of the State of Rhode Island.

    2.    Upon information and belief, the Trust is a traditional trust to hold and conserve real property located within the State of Florida. Upon information and belief, the Trustees are fiduciaries of the Trust and hold, manage, and control the Trust's assets. Upon information and

belief, the Trustees are citizens of the State of Florida and/or the State of California and, therefore, the Trust is a citizen of the State of California and/or the State of Florida.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) including, without limitation, because a substantial part of the events or omissions giving rise to Gilbane's claims occurred within this judicial district, and one or more of the Trustees of the Trust reside in this judicial district.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## BACKGROUND

5. Gilbane provided pre-construction and other requested services ("Services") to the Trust for the Trust's anticipated construction project to be located at 319 Garden Avenue, Clearwater, Florida 33756 ("Premises") known as "L. Ron Hubbard Hall" ("Project"). Upon information and belief, the Trust owns the Premises.

6. Gilbane's Services included, without limitation, value engineering, interdisciplinary document coordination and reporting, budgeting, development of subcontractor interest and bid packages, performance of subcontractor buy-out activities, and developing and providing various deliverables and information for the Project, as well as other pre-construction services.

7. Upon information and belief, at all material times, the Trust did business with Gilbane with the Trustees' knowledge and consent through various authorized agents including Daniel O'Farrell and Ciara Rogers and its representatives.

8. The Trust engaged The Projects Group ("TPG") to act as its owner's representative and owner's agent for the Project. TPG was later replaced with Cost Plus ("CP") as one of the Trust's representatives and agents for the Project (TPG and CP are referred to as "Trust's Representative").

9. The Trust also engaged Gensler ("Gensler") as the architect for the Project.

10. Gilbane performed Services under the direction of the Trust and the Trust's Representative with the Trust's understanding and assurance that Gilbane would be paid for its Services.

11. The Trust explained, and Gilbane understood and relied, that after the Services were commenced and/or completed the Trust would issue a work order or other process to make payment to Gilbane for its Services.

12. After Gilbane had been performing Services for the Project, the Trust did issue a work order in the amount of four-hundred thousand dollars ($400,000).

13. At the Trust's direction, Gilbane continued providing Services to the Trust on the expectation and in reliance on the Trust's representations that the process would continue with Gilbane performing Services followed by the Trust issuing a work order or other process to make payment; including but not limited to once the pre-construction and requested Services for the Project had progressed, that Gilbane submit an amount for Gilbane's Services under a construction contract for the Project which Trust would use to process payment to Gilbane.

14. In each event, the Trust always knew that Gilbane was providing Services to it for the Project at the Trust's request and to the Trust's benefit, and that Gilbane was providing those Services in exchange for compensation.

15. Throughout the time when Gilbane was providing Services to the Trust, the Trust, Gensler, the Trust's Representative, and Gilbane participated in regular Owner, Architect, and Contractor ("OAC") Meetings ("OAC Meetings") for the Project.

16. During these OAC Meetings, the OAC would review Gilbane's Services and the Trust and the Trust's Representative would make decisions for the continued development of the Project.

17. At no time during the performance of the Services did the Trust, Gensler, or the Trust's Representative object to Gilbane's Services, direct Gilbane to cease performance of the Services, or inform Gilbane that it would not be paid.

18. Gilbane has made demand for payment for Gilbane's Services, all of which benefited the Trust.

19. Unfortunately, the Trust has failed or refused to remit payment to Gilbane for its Services and Gilbane brings this action to collect the compensation due to it from the Trust.

20. All conditions precedent to bringing this action have been satisfied, waived, or otherwise met.

21. To bring this action, Gilbane has engaged the services of the undersigned law firm and is obligated to pay its counsel's reasonable fees and costs.

**COUNT I – BREACH OF ORAL CONTRACT**

22. Gilbane realleges and incorporates by reference herein paragraphs 1 through 21 as though fully sent forth herein.

23. Gilbane and the Trust entered into a valid oral contract for Gilbane's Services for the Project with the Trust soliciting Gilbane's Services, offering to engage Gilbane to provide those

services in exchange for compensation, and Gilbane accepting the Trust's offer and agreeing to perform the Services for the Trust in exchange for compensation.

24. Gilbane performed Services under the direction of the Trust and the Trust's Representative with the Trust's understanding, agreement, and assurance that Gilbane would be paid for its Services.

25. The Trust explained, and Gilbane agreed and relied, that after the Services were commenced and/or completed the Trust would issue a work order or other process to make payment to Gilbane for its Services.

26. The Trust always knew that Gilbane was providing Services to it for the Project under the agreement between the Trust and Gilbane, at the Trust's request, and to the Trust's benefit, and that Gilbane was providing those Services in exchange for compensation.

27. At no time during the performance of the Services did the Trust, Gensler, or the Trust's Representative object to Gilbane's Services, direct Gilbane to cease performance of the Services, or inform Gilbane that it would not be paid as agreed and expected.

28. Gilbane has made repeated requests and demands for payment under the agreement between Gilbane and the Trust for Gilbane's Services, all of which benefited the Trust.

29. Gilbane fully performed all work required under the oral contract and the Trust has a duty and obligation to pay Gilbane for its Services.

30. The Trust materially breached its contract with Gilbane by failing, without limitation, to make full payment for the Services that Gilbane performed under the contract.

31. As a result of the Trust's material breach of the contract, Gilbane has suffered damages in excess of six-hundred thousand dollars ($600,000) with such amount to be proven at trial, plus interest, and costs.

**WHEREFORE,** Plaintiff, Gilbane Building Company, respectfully requests this Court enter judgment in its favor and against Defendant, Church of Scientology Religious Trust, and the Trustees in their capacities as Trustees of the Trust, for all damages, pre- and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

### COUNT II – BREACH CONTRACT IMPLIED-IN-FACT / QUANTUM MERUIT

32. Gilbane realleges and incorporates by reference herein paragraphs 1 through 21 as though fully set forth herein.

33. This Count II is pled in the alternative to Count I.

34. Through the performance of its Services, Gilbane provided a benefit to the Trust with the Trust's knowledge.

35. The Trust knowingly and voluntarily accepted the benefit of Gilbane's Services.

36. Gilbane performed and provided Services for the Trust under circumstances where a reasonable person would reasonably expect to pay for the benefit of Gilbane's Services.

37. The Trust has failed to pay Gilbane for its Services.

38. As a result of the Trust's failure and refusal to pay Gilbane for its Services, Gilbane has suffered damages in excess of six-hundred thousand dollars ($600,000) with such amount to be proven at trial, plus interest, and costs.

**WHEREFORE,** Plaintiff, Gilbane Building Company, respectfully requests this Court enter judgment in its favor and against Defendant, Church of Scientology Religious Trust, and the Trustees in their capacities as Trustees of the Trust, for all damages, pre- and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT IMPLIED-IN-LAW / UNJUST ENRICHMENT

39. Gilbane realleges and incorporates by reference herein paragraphs 1 through 21 as though fully set forth herein.

40. This Count III is pled in the alternative to Count I and Count II.

41. Through the performance of its Services, Gilbane conferred a benefit on the Trust with the Trust's knowledge.

42. The Trust requested and knowingly and voluntarily accepted and retained the benefit of Gilbane's Services.

43. The Trust has failed to pay Gilbane for its Services and it would be inequitable for the Trust to retain the benefit of Gilbane's Services without first paying the value thereof to Gilbane.

44. As a result of the Trust's inequitable failure and refusal to pay Gilbane for its Services, Gilbane has suffered damages in excess of six-hundred thousand dollars ($600,000) with such amount to be proven at trial, plus interest, and costs.

**WHEREFORE,** Plaintiff, Gilbane Building Company, respectfully requests this Court enter judgment in its favor and against Defendant, Church of Scientology Religious Trust, and the Trustees in their capacities as Trustees of the Trust, for all damages, pre- and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

Dated: April 12, 2023.

Respectfully submitted,

**GURLEY◆FANT**

/s/ David E. Gurley
David E. Gurley (Fla. Bar No.: 0402214)
dgurley@gurleyfant.com
Michael A. Fant (Fla. Bar No.: 0100713)

mfant@gurleyfant.com
601 S. Osprey Ave.
Sarasota, FL  34236
Telephone: (941) 365-4501
Facsimile: (941) 365-2916
Secondary: eservice@gurleyfant.com

*Counsel for Plaintiff, Gilbane Building Company*